IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VIRGINIA M.,<br><br>     Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case #4:21-cv-00113-PK<br><br>Magistrate Judge Paul Kohler |

  This matter comes before the Court on Plaintiff Virginia M.'s appeal from the decision of the Social Security Administration denying her application for disability insurance benefits and supplemental security income. The Court will affirm the administrative ruling.

I. STANDARD OF REVIEW

  This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether their findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to consider all of the evidence, although they are not required to discuss all of the evidence.[4] If

---

[1] Pursuant to Fed. R. Civ. P. 25(d) and the last sentence of 42 U.S.C. § 405(g), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[4] *Id.* at 1009–10.

supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[5] The Court should evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II. BACKGROUND

A.     PROCEDURAL HISTORY

In June 2019, Plaintiff filed an application for supplemental security income and disability insurance benefits, alleging disability beginning on January 25, 2019.[8] Plaintiff's claim was denied initially and upon reconsideration.[9] Plaintiff then requested a hearing before an ALJ, which was held on April 8, 2021.[10] The ALJ issued a decision on June 22, 2021, finding that Plaintiff was not disabled.[11] The Appeals Council denied Plaintiff's request for review on October 20, 2021,[12] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[13]

---

[5] *Richardson*, 402 U.S. at 390.

[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[8] R. at 201–04.

[9] *Id.* at 65–66, 98–99.

[10] *Id.* at 34–63.

[11] *Id.* at 12–33.

[12] *Id.* at 1–6.

[13] 20 C.F.R. §§ 404.981, 422.210(a).

On November 23, 2021, Plaintiff filed her complaint in this case.[14] On December 13, 2021, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15] The Commissioner filed an answer and the administrative record on January 20, 2022.[16]

Plaintiff filed her Opening Brief on April 22, 2022.[17] The Commissioner's Answer Brief was filed on May 27, 2022.[18] Plaintiff filed her Reply Brief on June 10, 2022.[19]

B.   MEDICAL HISTORY

Prior to the alleged onset date, Plaintiff was punched in the side of the head while working at a residential treatment facility.[20] At that time, she was diagnosed with a concussion but was not further evaluated.[21] Since then, Plaintiff has complained of worsening headaches, persistent stuttering, seizures, convulsions, and twitching of her eyes.[22] Plaintiff reported

---

[14] Docket No. 4.
[15] Docket No. 11.
[16] Docket Nos. 13–15.
[17] Docket No. 18.
[18] Docket No. 20.
[19] Docket No. 21.
[20] R. at 357.
[21] *Id.*
[22] *Id.* at 357, 363, 365.

difficulty controlling her anger.[23] Plaintiff also reported depression and anxiety,[24] as well as cognitive issues.[25]

Plaintiff underwent a psychological evaluation conducted by Tim Kockler, Ph.D.[26] Dr. Kockler noted that Plaintiff was alert and responsive, and was able to focus during the entire evaluation. She was pleasant and cooperative. Her eye contact was appropriate and she understood all test instructions and questions asked, following the conversation without difficulty. Plaintiff's thought content was appropriate to the situation and her thought processes were linear and goal directed. Testing showed that Plaintiff's full-scale IQ was in the low average range with low average verbal comprehension ability, average perceptual reasoning skills; low average processing speed, low average short-term working memory, low average visual memory, borderline auditory memory, and low average visual working memory. Dr. Kockler also noted a decline in memory over short and long periods of time. Dr. Kockler diagnosed conversion disorder and PTSD. He opined that Plaintiff had the capability to manage her financial affairs.

C.  HEARING TESTIMONY

At the hearing before the ALJ, Plaintiff testified that she had a difficult time remembering things because of her head injury.[27] She stated that she sometimes forgets to

---

[23] *Id.* at 372.
[24] *Id.* at 401.
[25] *Id.* at 563, 569.
[26] *Id.* at 408–413.
[27] *Id.* at 47.

shower or eat and that it is difficult for her to follow a recipe.[28] She indicated that her cognitive issues made it difficult for her to find the right words.[29] Plaintiff further stated that she fatigues easily and experiences headaches daily.[30] Her headaches require her to lie in bed with the curtains closed.[31] Plaintiff also testified that she suffers from seizures every day.[32] Her seizures cause her muscles to stiffen and she becomes nauseated.[33]

D.   THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of January 25, 2019.[34] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: history of concussion with headaches, seizures, conversion disorder, and post-traumatic stress disorder ("PTSD").[35] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[36] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain physical

---

[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.* at 51.
[32] *Id.* at 53.
[33] *Id.*
[34] *Id.* at 17.
[35] *Id.* at 18.
[36] *Id.* at 18–20.

and mental limitations.[37] At step four, the ALJ determined that Plaintiff could not perform her past relevant work.[38] At step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform and, therefore, she was not disabled.[39]

## III. DISCUSSION

Plaintiff raises three issues in her brief: (1) whether the ALJ erred in failing to include all of Plaintiff's established limitations in the RFC assessment; (2) whether the ALJ erred in her evaluation of the medical opinion evidence from Saskia Stallings, LCSW; and (3) whether Appeals Council erred in its review of evidence submitted after the hearing.

A.   RFC ASSESSMENT

Social Security Ruling 96-8p requires the ALJ's RFC analysis to assess an individual's ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.[40] "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."[41] "The RFC assessment must address both the remaining exertional and nonexertional capacities of the individual."[42] "The RFC assessment must include a narrative discussion describing how the evidence supports each

---

[37] *Id.* at 20–25.

[38] *Id.* at 25.

[39] *Id.* at 25–28.

[40] SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996).

[41] *Id.* at *3.

[42] *Id.* at *5.

6

conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."[43]

Plaintiff argues that the ALJ's RFC assessment failed to adequately consider her memory issues and the testing conducted by Dr. Kockler. The ALJ found that Plaintiff had mild limitations in understanding, remembering, and applying information. She also found that Plaintiff had moderate limitations with regard to concentrating, persisting, and maintaining pace. Because of these limitations, the ALJ limited Plaintiff's RFC to repetitive tasks that could be learned in 30 days or less with a reasoning level of three or below.

The ALJ noted Plaintiff claims a difficulty with memory.[44] However, she noted that there was evidence in the record where Plaintiff denied memory loss.[45] The ALJ also cited to Dr. Kockler's examination and findings of low-average IQ and short-term memory,[46] but pointed to treatment notes demonstrating normal memory and cognition, as well as above average intelligence.[47] Certainly there is evidence to support a finding that Plaintiff's cognitive impairments were more severe than found by the ALJ, but this does not mean that the ALJ's decision is not supported by substantial evidence.[48]

---

[43] *Id.* at *7.

[44] R. at 19.

[45] *Id.* (citing R. at 383); *see also id.* at 363, 365, 367, 369, 371, 373, 375, 387, 390, 403, 519.

[46] *Id.* at 19.

[47] *Id.* (citing R. at 363); *see also id.* at 365, 367, 369, 371, 373, 375, 519.

[48] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a

Plaintiff further argues that the ALJ failed to account for those testing scores that Dr. Kockler noted were in the borderline range. As an initial matter, the Court notes that an ALJ is not required to discuss all of the evidence in the record.[49] Therefore, the mere fact that the ALJ did not explicitly discuss these test results in detail does not require remand. Plaintiff argues that the failure to discuss these test results is not harmless because the jobs identified by the ALJ as jobs Plaintiff can perform cannot be performed by a person in the bottom ten percent of the population in the areas of general learning, verbal aptitude, and numerical aptitude. However, Plaintiff has failed to demonstrate that the particular test scores noted by Dr. Kockler equate to her being in the bottom ten percent of the population in the areas of general learning, verbal aptitude, and numerical aptitude. Other courts have persuasively rejected similar arguments.[50] Like those cases, the Court finds it inaccurate to correlate borderline test scores with the requirements of the Dictionary of Occupational Titles. Therefore, any error does not require remand.

B.   MEDICAL OPINION EVIDENCE

Plaintiff argues that the ALJ erred in her evaluation of the medical opinion evidence from Plaintiff's therapist, Saskia Stallings, LCSW. For applications filed on or after March 27, 2017, an ALJ is not required to defer to or give any specific weight to medical opinions or prior

---

different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).

[49] *Clifton*, 79 F.3d at 1009–10 ("[A]n ALJ is not required to discuss every piece of evidence.").

[50] *See Wilson v. Astrue*, 834 F. Supp. 2d 1295, 1303 (N.D Okla. 2011) (discussing cases).

administrative medical findings.[51] Rather, the ALJ considers them using the criteria in 20 C.F.R. § 404.1520c(c): (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding. The most important criteria for determining persuasiveness are the supportability and consistency.[52]

The ALJ must articulate "how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record."[53] The ALJ must explain how he or she considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings, but is generally not required to explain how he or she considered other factors.[54] Social Security Ruling 96-8p emphasizes that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[55] "The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."[56]

---

[51] 20 C.F.R. § 404.1520c(a).

[52] *Id.* § 404.1520c(a), (b)(2).

[53] *Id.* § 404.1520c(b).

[54] *Id.* § 404.1520c(b)(2).

[55] SSR 96-8p, 1996 WL 374184, at *7.

[56] *Id.*; *see also Givens v. Astrue*, 251 F. App'x 561, 568 (10th Cir. 2007) ("If the ALJ rejects any significantly probative medical evidence concerning [a claimant's] RFC, he must provide adequate reasons for his decision to reject that evidence.").

Ms. Stallings provided a Treating Source Statement of Mental Limitations.[57] Ms. Stallings opined that Plaintiff had marked limitations in nearly all areas of functioning. She further stated that Plaintiff would be absent from work four or more days per month and would be off task 20% of the time or more.

The ALJ found this opinion unpersuasive. The ALJ stated that it was not supported by examination results, was not consistent with Plaintiff's examination results, and was not consistent with other findings in the record. Plaintiff attacks the ALJ's reasoning, but in doing so, she essentially asks the Court to reweigh the evidence and substitute its judgment for that of the ALJ, which it cannot do.[58] The ALJ applied the proper standard and her rejection of the extreme limitations opined by Ms. Stallings is supported by substantial evidence.

C.     APPEALS COUNCIL

After the ALJ rendered her decision, Plaintiff submitted a letter to the Appeals Council from Ms. Stallings.[59] Ms. Stallings opined that Plaintiff "has limitations and diagnoses that limit her in being able to perform a job."[60] The Appeals Council determined that Ms. Stallings' opinion would not change the outcome of the ALJ's decision.[61] Plaintiff asserts that the Appeals Council's treatment of Ms. Stallings' letter was in error.

The Appeals Council will review additional evidence if it "is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that

---

[57] R. at 548–551.

[58] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006)

[59] R. at 64.

[60] *Id.*

[61] *Id.* at 2.

the additional evidence would change the outcome of the decision."[62] In reviewing this decision, the Court must determine whether this new evidence renders the ALJ's decision unsupported by substantial evidence.[63] This requires the Court to "speculate to some extent on how the administrative law judge would have weighed the newly submitted [evidence] if [it] had been available for the original hearing."[64]

The Appeals Council's treatment of Ms. Stallings' letter was not erroneous. Ms. Stallings' letter is largely cumulative of her Treating Source Statement of Mental Limitations, which the ALJ found unpersuasive. Moreover, under the revised regulations, statements that a claimant is unable to work or is disabled are "inherently neither valuable nor persuasive to the issue of whether you are disabled or blind under the Act," and the agency "will not provide any analysis about how we considered such evidence in our determination or decision."[65] Because Ms. Stallings' letter opines on an issue reserved for the Commissioner, it would not have changed the outcome.

## IV.  CONCLUSION

Having made a thorough review of the entire record, the Court hereby AFFIRMS the decision of the Commissioner.

---

[62] 20 C.F.R. § 404.970(a)(5).

[63] *See Vallejo v. Berryhill*, 849 F.3d 951, 956 (10th Cir. 2017).

[64] *Vallejo v. Comm'r, SSA*, 762 F. App'x 532, 535 (10th Cir. 2019) (quoting *Riley v. Shalala*, 18 F3d 619, 622 (8th Cir. 1994)).

[65] 20 C.F.R. § 404.1520b(c).

DATED this 8th day of July, 2022.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge